[Cite as *State v. Wolf*, 2021-Ohio-3223.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2021 CA 0009 |
| STEPHEN H. WOLFE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:         Criminal Appeal from the Court of Common
                                 Pleas, Case No. 19 CR 730


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          September 16, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM C. HAYES                          JAMES A. ANZELMO
PROSECUTING ATTORNEY                      446 Howland Drive
PAULA M. SAWYERS                          Gahanna, Ohio  43230
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, John, P. J.*

{¶1}  Defendant-Appellant Stephen H. Wolfe appeals his convictions and sentences entered in the Licking County Court of Common Pleas following a negotiated plea.

## STATEMENT OF THE FACTS AND CASE

{¶2}  On September 16, 2019, Trooper Matthew Stoffer of the Ohio State Highway Patrol attempted to make a traffic stop of a 2013 Peterbilt Semi-truck on State Route 30 in Wyandot County, Ohio, for failing to have license plates or a PUCO number displayed on the commercial vehicle.  (T. at 9-10).  The vehicle, later determined to be operated by Appellant Stephen Wolfe, did not stop.  (T. at 10).  The vehicle reached speeds of 100 mph on Route 30, entering into Crawford County, back into Wyandot County, before proceeding South on State Route 23 into Marion County and Delaware County. *Id.*  The vehicle avoided stop strips deployed and ignored multiple cruisers chasing with lights and sirens activated attempting to stop the vehicle.  *Id.* Appellant steered his vehicle toward a Trooper placing stop strips on the roadway forcing the Trooper to move out of the way and injuring himself in the process.  *Id.*

{¶3}  The semi-truck collided with a 1989 Jeep Comanche operated by Michael Slagle, Jr. on Ohio 16 near Cedar Street in Newark, Licking County, Ohio.  *Id.*  As a result of the collision, Slagle suffered serious physical harm requiring his transfer by life flight to Grant Hospital.  (T. at 10-11).  The semi-truck reached speeds of 105 mph in Licking County.  (T. at 11).  The vehicle continued through Muskingum County and into Coshocton County.  *Id.* Appellant abandoned the vehicle and was arrested at 1697 Evergreen Park Drive.  *Id.*  The chase occurred for more than fifty miles in total.  *Id.*

{¶4} Appellant pled guilty to an amended count 1 - assault on a peace officer, a fourth degree felony, in violation of R.C. §2903.13(A)(C)(5); felonious assault, a second degree felony, in violation of R.C. §2903.11; failure to comply, a third degree felony, in violation of R.C. §2921.331; receiving stolen property, a fourth degree felony, in violation of R.C. §2913.51; and failure to stop after an accident, a fourth degree felony, in violation of R.C. §4549.02.  (T. at 9).

{¶5} At the sentencing hearing on January 24, 2020, Appellant argued that Count 2, Felonious Assault; Count 3, Failure to Comply with Order or Signal of Police Officer, and Count 5, Stopping After Accident on Public Roads or Highways, should merge with each other, and that the amended Count 1, Assault on a Peace Officer, should merge with Count 3, Failure to Comply with Order or Signal of Police Officer. (T. at 18).

{¶6} Appellee State of Ohio opposed the merger of these offenses, arguing that the Failure to Comply was pled under R.C. §2921.331(C)(5)(a)(ii), for causing a threat of serious physical harm to persons or property, not under subsection (C)(5)(a)(i), which would be for causing direct injury to someone. (T. at 22). Additionally, Appellee argued that a person can commit each of these offenses without committing the others, that Appellant herein posed a risk of serious physical harm to numerous individuals over his fifty (50) plus mile incident, that the failure to stop after an accident occurred only in Licking County and would not merge with the others, and that the two (2) felonious assault involved separate victims. (T. at 22-23). The trial court declined to merge the offenses, and Appellant objected.  (T. at 23-24, 32).

{¶7} During the sentencing hearing, Appellant expressed remorse for his conduct. (T. at 24).  His trial counsel noted that Appellant was suffering from mental health

and drug addiction issues because of injuries he sustained serving in Iraq while in the armed forces. (T. at 20-21). Trial counsel noted that Appellant's life "changes dramatically" after he came home from Iraq. (T. at 19). Trial counsel further mentioned that Appellant was not acting with "malice aforethought," but was merely trying to get to his mother's home. (T. at 19, 21). Thus, Appellant contended that his prison sentences should be run concurrent. (T. at 32).

{¶8} The court ordered Appellant to serve consecutive prison sentences. The court noted that Appellant completed a seven-month prison term, and that he has a pending charge from an incident in Kalamazoo, Michigan. (T. at 29-20).

{¶9} Specifically, the court ordered Appellant to serve: one (1) year in prison for the assault on a peace officer offense; two (2) years in prison for the failure to comply offense; nine (9) months in prison for the receiving stolen property offense; and nine (9) months in prison for the failure to stop after an accident offense. For the felonious assault offense, the court ordered Appellant to serve five (5) to seven and one-half (7 ½) years in prison, for an aggregate sentence of nine and a half (9 ½) to twelve (12) years in prison. (T. at 30).

{¶10} Appellant appealed his conviction and sentence to this Court. *See State v. Wolfe*, 5th Dist. Stark No. 2020 CA 00021, 2020-Ohio-5501. This Court reversed the case for resentencing pursuant to the Reagan Tokes Act. This Court did not address the issues of consecutive sentencing or the merger of offenses at that time. *Id.*

{¶11} On January 11, 2021, the trial court held a hearing for resentencing. At this hearing, Appellant again raised the issue of merger of offenses and argued that his prison terms should run concurrently. (Resent. T. at 5-6, 9). Appellee again opposed any merger

and asked that the sentence originally imposed on Appellant be re-imposed. (Resent. T. at 9-11). The trial court again imposed a term of nine and a half (9 ½) years to twelve (12) years in prison. *Id.* The trial court ordered the sentences on the counts to be served consecutively.

{¶12} Appellant now appeals, raising the following assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I. THE TRIAL COURT ERRED BY FAILING TO MERGE WOLFE'S OFFENSES FOR ALL BUT THE RECEIVING STOLEN PROPERTY COUNT.

{¶14} "II. THE TRIAL COURT UNLAWFULLY ORDERED WOLFE TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

**I.**

{¶15} In his First Assignment of Error, Appellant argues the trial court erred in failing to merge his offenses. We disagree.

{¶16} Appellant herein asserts that all of the counts, with the exception of the receiving stolen property count, should merge. He maintains that he committed all of the offenses with the same animus and under a common scheme of activity. Upon review, we find said argument to be unpersuasive.

{¶17} R.C. 2941.25, Ohio's allied-offense statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or

information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶18} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors -the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

**{¶19}** The *Ruff* court explained at paragraph 26:

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶20}** In the instant case, Appellant was charged with Amended Count 1, Assault on a Peace Officer, a felony of the 4th degree, which involved a separate, identifiable victim – State Highway Patrolman Trautman, who was injured while diving out of the way of Appellant's moving vehicle while he was trying to place stop strips in the road.

**{¶21}** Appellant was also charged with Count 2, Felonious Assault, a felony of the 2nd degree, which had a separate identifiable victim in Michael Slagle, Jr., who was driving the Jeep Comanche in Newark, which made physical contact with Appellant's vehicle.

**{¶22}** We likewise find that the Failure to Comply charge, under R.C. §2921.331(B)(C)(5)(a)(ii), for causing a substantial risk of serious physical harm to persons or property does not merge. This charge was brought as a felony for fleeing which took place in and over eight (8) different counties. These actions presented a risk of serious physical harm to numerous motorists, to both their person and their property. This charge would not merge with either of the assault convictions, as there are separate, identifiable victims for those charges, and those victims actually suffered physical harm.

**{¶23}** We also find a separate animus for the commission of the Failure to Stop after Accident and the Failure to Comply, because Appellant made a separate decision to flee after hitting the vehicle in Licking County, and then to continue on into another county.

**{¶24}** Based on the foregoing analysis, we find Appellant's first assignment of error not well-taken and hereby overrule same.

## II.

**{¶25}** In his second assignment of error, Appellant argues that the trial court erred in imposing consecutive sentences. We disagree.

**{¶26}** Revised Code §2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶1. Pursuant to R.C. §2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. §2953.08(G)(2)(a)-(b).

**{¶27}** R.C. §2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶28}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state

reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

**{¶29}** Here, Appellant concedes the trial court made the appropriate findings pursuant to R.C. §2929.14(C)(4) both on the record and in its sentencing entry but argues that the record does not support said findings. Specifically, Appellant argues that the record fails to support a finding that he committed the most serious offense or is the most serious offender because he did not commit the offenses with "malice aforethought", he accepted responsibility for his actions and was remorseful.

**{¶30}** Upon review, we find that at the original sentencing hearing, the trial court found that Appellant had just finished a seven (7) month prison term and was on parole for a home invasion as well as counts of breaking and entering. (Sent. T. at 29). The trial court also noted that at that time Appellant had pending charges in Kalamazoo, Michigan, for breaking and entering and larceny, for which Appellant had warrants for his arrest for failure to appear, prior to this incident. (Sent. T. at 29-30). The trial court noted that consecutive sentences were necessary to protect the public, were similar to sentences

imposed on others for similar conduct, and were justified by Appellant's criminal history. (Sent. T. at 30).

**{¶31}** At the resentencing hearing, the court again found that the prison terms should run consecutive, finding that "consecutive sentences are necessary to protect the public from future crime, to punish [Appellant]. That consecutive sentences aren't disproportionate to the seriousness of [Appellant's] conduct and the danger posed to the public." (Resent. T. at 12-13). The court also found that Appellant's "history of criminal conduct demonstrates consecutive sentences are necessary in this case to protect the public from future crime. (Resent. T. at 13). Further, in its Judgment Entry on resentencing, the trial court adopted all parts of the sentence imposed January 24, 2020. (1/11/2021 Judgment Entry at 4). In said Entry, the trial court again stated that Appellant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (1/11/2021 Judgment Entry at 2-3).

**{¶32}** Upon our review of the record of the sentencing hearings and the judgment entries, we find the trial court engaged in the appropriate analysis and made the requisite findings. Therefore, we find the imposition of consecutive sentences in this case was not contrary to law.

{¶33} Appellant's second assignment of error is overruled.

{¶34} Based on the foregoing, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.


By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.


JWW/kw 0914