[Cite as *State v. Montgomery*, 2022-Ohio-4273.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 22CA4 |
| | : | |
| JUVIS R. MONTGOMERY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court
of Common Pleas, Case No.
21CR000137


JUDGMENT:                         AFFIRMED


DATE OF JUDGMENT ENTRY:      November 30, 2022


APPEARANCES:

For Plaintiff-Appellee:                        For Defendant-Appellant:

JASON R. FARLEY                        MICHAEL GROH
627 Wheeling Ave.                     1938 E. Wheeling Ave.
Cambridge, OH 43725                  Cambridge, OH 43725

*Delaney, J.*

{¶1} Appellant Juvis R. Montgomery appeals from the January 7, 2022 Judgment Entry of Sentence of the Guernsey County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from the record of appellant's sentencing hearing on December 29, 2021, and from the Report of Investigation of the Ohio State Highway Patrol dated March 14, 2021, included in the record before us.

{¶3} This case arose on or around March 24, 2021, when Trooper Seth Jones observed a black Infiniti SUV traveling southbound on Route 77 near milepost 74, with a female driving and a male passenger reclining in the front passenger seat. At milepost 60, near the Guernsey County line, the trooper observed two turn-signal violations and turned on his overhead lights to initiate a traffic stop.

{¶4} The vehicle was registered to appellant and Jones noted there was "a caution associated with the plate because the owner was in the Inmate Progression System." Appellant's license status was listed as suspended and Jones identified him as the passenger in the vehicle using his BMV photo.

{¶5} As Jones approached the vehicle, he smelled an odor of raw marijuana and watched appellant light a cigar. Both occupants denied there was marijuana in the vehicle, but appellant said they used marijuana in the car earlier that day. Appellant claimed to be a confidential informant in the midst of a drug transaction, and called a detective from Charleston, W.V., handing the phone to Jones, but the detective had no idea what he was talking about.

{¶6} Jones and another trooper initiated an investigation and appellant and his passenger were allowed to sit in their own vehicle after being advised they were not free to leave. Jones then requested that appellant return to the patrol car and began to place handcuffs on him. Appellant took off running and Jones took him to the ground. Jones and Trooper Tysinger struggled with appellant on the ground and told him he was under arrest. Appellant continued to struggle and Tysinger deployed his Taser but it had no effect. Appellant was able to get back into the Infiniti and put it in gear, with Jones hanging onto the vehicle. Jones was dragged a short distance, requiring him to let go.

{¶7} Appellant turned northbound onto Interstate Route 77 and a vehicle pursuit ensued. Appellant drove the Infiniti at speeds up to 120 miles per hour, changing lanes and passing other vehicles. Appellant avoided spike strips at least twice, drove through the highway median, and changed directions, cutting off a semi tractor-trailer. At one point, he pulled into a gas station and Jones attempted to box him in, but appellant drove at Jones, requiring him to jump out of the way. Jones observed appellant and the passenger throwing items out of the vehicle. The female passenger opened the door and begged to exit the vehicle but appellant refused to stop.

{¶8} Jones terminated his pursuit before the Cambridge city limits due to traffic and the proximity of bystanders. Moments later, Jones' sergeant advised the vehicle crashed into a house on Highland Avenue. A woman was lying on a couch inside the residence when appellant drove through the wall, throwing her to the ground. This victim was transported to the hospital by a squad.

{¶9} Despite appellant's continuing attempts to flee, Jones and other officers held him at gunpoint. Appellant and the female passenger surrendered and appellant was placed under arrest.

{¶10} At the time of these events, appellant was on supervised post release control, but had been declared a parole violator at large.

{¶11} Appellant was charged by indictment with one count of felonious assault pursuant to R.C. 2903.11(A)(2) and R.C. 2903.11(D)(1)(a), a felony of the first degree [Count I]; one count of failure to comply with an order or signal of a police officer pursuant to R.C. 2921.331(B) and R.C. 2921.331(C)(5)(a)(iii), a felony of the third degree [Count II]; and one count of vehicular assault pursuant to R.C. 2903.08(A)(2)(b) and R.C. 2903.08(C)(2), a felony of the third degree [Count III]. Appellant entered pleas of not guilty.

{¶12} On October 12, 2021, appellant appeared before the trial court and withdrew his previously-entered pleas of not guilty and entered ones of guilty to Count I as amended to attempted felonious assault, a felony of the third degree, and Counts II and III as charged.[1] The parties indicated they would argue regarding sentencing at the sentencing hearing and the trial court ordered a presentence investigation.

{¶13} The matter proceeded to sentencing hearing on December 29, 2021. Appellant argued, e.g., that Counts I and II should merge for sentencing purposes

---

[1] It is not evident from the record why the amended count is a felony of the third degree and not a felony of the second degree, pursuant to R.C. 2903.11(D)(1)(a) and R.C. 2923.02(E)(1). The trial court's Entry of October 13, 2021 states only that appellee moved to amend the count to "attempted felonious assault" * * * "a felony of the third degree" without objection by appellant. The record does not contain any objection by Trooper Jones.

because both offenses occurred during the course of appellant's commission of failure to comply. Appellee responded that appellant committed the felonious assault when he pulled away with Trooper Jones' arm trapped, starting to drag him, before he committed the failure to comply.

{¶14} The trial court journalized its Judgment Entry of Sentence on January 7, 2022, noting, e.g., that appellant committed the instant offenses while on post release control, has a lengthy criminal history including 13 prior felony convictions, failed to respond to sanctions imposed in the past, showed no genuine remorse, and was driving on a suspended license at the time of the offenses. Finally, the victims sustained serious physical or psychological harm.

{¶15} The trial court found consecutive sentences were necessary to protect the public from future crime and to punish appellant.

{¶16} The trial court therefore imposed the following prison terms: Count I, 36 months, none of which is mandatory; Count II, 36 months, none of which is mandatory; and Count III, 36 months, all of which is mandatory. The trial court sentenced appellant an additional one-year term because the instant offenses were committed while appellant was on post release control. The trial court found the sentences and sanction are to be served consecutively, and further found that none of the counts merge with each other.

{¶17} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶18} "THE TRIAL COURT ERRED BY FAILING TO MERGE THE ATTEMPTED FELONIOUS ASSAULT COUNT AND THE FAILURE TO COMPLY COUNT."

**ANALYSIS**

{¶19} In his sole assignment of error, appellant argues the trial court should have merged Counts I and II (attempted felonious assault and failure to comply) for purposes of sentencing. We disagree.

{¶20} R.C. 2941.25, "Multiple counts," states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors -the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct

constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶22} The *Ruff* court explained at paragraph 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶23} In the instant case, appellant was convicted and sentenced upon Count I, attempted felonious assault. R.C. 2923.02(A), attempt, states: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2903.11(A)(2), felonious assault, states in pertinent part, "No person shall knowingly * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶24} Appellee noted at sentencing that Count I occurred when appellant attempted to drive off with Trooper Jones' arm still in the vehicle, beginning to drag the trooper before he let go. T. Sentencing, 75-76. Appellee's brief states that the felonious assault occurred when appellant attempted to run Jones over at the gas station. Brief, 2. Appellee's bill of particulars filed July 1, 2021 describes the felonious assault count broadly as follows:

> * * * *.

> That on or about 3/24/2021, and at the location of (*sic*), the Defendant, Juvis Reevis Montgomery, did knowingly cause or attempt to cause physical harm to Trooper Seth Jones by means of a deadly weapon or dangerous ordnance, to wit: vehicle contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

> FURTHERMORE, the victim is a peace officer.

> * * * *.

{¶25} Regardless of which conduct constituted the attempted felonious assault, Jones is the victim thereof and testified to the psychological harm he sustained during this incident, for which he has seen a therapist. Twice appellant attempted to seriously harm Jones to deter his investigation and pursuit.

{¶26} Count II was committed with different conduct and a different animus. Appellant was also convicted and sentenced upon failure to comply with an order or signal of a police officer pursuant to R.C. 2921.331(B) and R.C. 2921.331(C)(5)(a)(ii), which state in pertinent part:

> No person shall operate a motor vehicle so as willfully to elude
>
> or flee a police officer after receiving a visible or audible signal from
>
> a police officer to bring the person's motor vehicle to a stop.
>
> * * * *.
>
> A violation of division (B) of this section is a felony of the third
>
> degree if the jury or judge as trier of fact finds any of the following by
>
> proof beyond a reasonable doubt:
>
> * * * *.
>
> The operation of the motor vehicle by the offender caused a
>
> substantial risk of serious physical harm to persons or property.

{¶27} The substantial risk of serious physical harm identified by appellee is the risk appellant's conduct posed to other motorists on Interstate 77 as he reached speeds up to 120 miles per hour, swerving in and out of traffic and cutting off semi tractor-trailers. Count II represents a different course of conduct with a wider range of potential victims.

{¶28} We find the trial court did not err in determining Counts I and II do not merge. Appellant's attempted felonious assault of Trooper Jones, whether in pulling away with the trooper's arm in the vehicle or driving at him at the gas station, was intended to deter Jones' specific investigation and pursuit. Appellant's actions in fleeing on Interstate 77 involved multiple law enforcement officers, vehicles, and motorists using the highway.

{¶29} In the instant case, the amended Count I involved a separate, identifiable victim, Trooper Jones, who sustained psychological trauma when pulling free of appellant's vehicle as he drove away and who jumped out of the way of being struck. *State v. Wolfe*, 5th Dist. Licking No. 2021 CA 0009, 2021-Ohio-3223, ¶ 20, *motion for delayed appeal granted,* 165 Ohio St.3d 1540, 2022-Ohio-397, 180 N.E.3d 1168. Count II, failure to comply, does not merge because appellant's "actions presented a risk of serious physical harm to numerous motorists, to both their person and their property." *Wolfe*, supra, 2021-Ohio-3223, ¶ 22.

{¶30} The trial court properly determined that Counts I and II do not merge and appellant could be sentenced upon both.  Appellant's assignment of error is overruled.

**CONCLUSION**

{¶31} Appellant's sole assignment of error is overruled and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Hoffman, J., concur.